IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AVERY A. TRAINOR,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA**, *et al.*,<br><br>Defendants. | Civil Action No. 26-cv-3029-ACR |

**PLAINTIFF'S OPPOSITION TO PARTIAL CONSENT MOTION FOR EXTENSION OF TIME TO RESPOND TO THE MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff LtCol Avery A. Trainor hereby responds to Defendants' Partial Consent Motion for Extension of Time to Respond to the Motion for Preliminary Injunction (Sept. 4, 2026), Dkt. 10.

Counsel correctly represents that counsel for LtCol Trainor consented to an extension of time until September 11, 2026, for Defendants to respond to Plaintiff's Motion for Preliminary Injunction. However, good cause does not exist for the additional time that Defendants seek.

Defendants indicate that they are considering administrative relief that may narrow the issues in the case but they give no indication of what that might be. Defendants have had more than ample time to resolve LtCol Trainor's claims administratively without litigation and should be in a position now to make a proposal. The same relief that LtCol Trainor seeks in her preliminary injunction motion – restoration of the original retirement date of June 1, 2027, retirement at the rank and pay of a Lieutenant Colonel, removal and prohibition of any reentry and separation codes other than what accompanies regular retirement, restoration to active duty status to be subject only to grooming, uniform and other standards applicable to female Marine Corps

officers – was sought on two occasions prior to the filing of this case. The first request was a letter to the Assistant Deputy Commandant for Manpower and Reserve Affairs on June 5, 2026, Dkt. 2-25, and the second request was a letter to the Secretary of the Navy on June 26, 2026. Dkt. 2-26. LtCol Trainor received no response to either letter. Declaration of Avery A. Trainor, USMC ¶¶ 55-56 (Aug. 31, 2026) ("Trainor Decl."), Dkt. 2-3.

Defendants also assert that additional time is needed for them to file an objection to Plaintiff's Notice of Related Case, Dkt. 5. But in the meet and confer regarding Defendants' request for additional time, counsel for Defendants did not reveal that Defendants intend to file an objection to Plaintiff's Notice of Related Case. Moreover, LCivR 40.5(b)(2) requires that an objection to a plaintiff's notice of related case must be filed with the defendant's "first responsive pleading or motion." No such objection was filed with the instant motion, so the objection that Defendants contemplate submitting is out of time.

In any event, an objection to Plaintiff's Notice of Related Case would be groundless and would simply delay the case. The instant action was noted as related to *Talbott, et al. v. United States, et al.*, No. 25-cv-00240-ACR (D.D.C.), because it involves common issues of fact and grows out of the same event or transaction as in *Talbott*. Dkt. 5. *See* LCivR 40.5(a)(3)(ii)-(iii). LtCol Trainor raises equal protection and procedural due process claims as to the constitutionality of the Hegseth Policy that parallel the constitutional claims raised against the same Hegseth Policy in *Talbott*. *Compare* Dkt. 1 ¶¶ 64-74 *with* No. 25-cv-0240-ACR, Dkt. 117 ¶¶ 412-434. LtCol Trainor also is a member of the proposed active duty service member sub-class in *Talbott*. *Id.* ¶ 396a. And LtCol Trainor seeks the same injunctive and declaratory relief as to the Hegseth Policy that is sought in *Talbott*. *Compare* Dkt. 1, pp. 28-29 (¶¶ A, B, C, G) *with* No. 25-cv-0240-ACR, Dkt. 117 ¶¶ 444, 445, 446, 446a. The two cases therefore are clearly related pursuant to LCivR

40.5(a)(3)(ii)-(iii). *See AFL-CIO v. Trump*, 2025 WL 2301989, *5 (D.D.C. Aug. 11, 2025) (overruling objection to related case notice because claims in the three cases all stemmed from the same Executive Order); *Singh v. McConville*, 187 F. Supp. 3d 152, 157 (D.D.C. 2016) (overruling objection to related case notice because plaintiffs in the two cases challenged application of the same Army grooming regulation); *Autumn Journey Hospice, Inc. v. Sebelius*, 753 F. Supp. 2d 135, 140 (D.D.C. 2010) (overruling objection to related case notice because plaintiffs' claims in the cases at issue all arose out of the same HHS regulation and the calculation of the plaintiffs' reimbursements thereunder).

To be sure, LtCol Trainor raises an Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq*. claim with respect to the May 29, 2026 M&RA action which is independent of, and not raised in, *Talbott*. Dkt. 1 ¶¶ 75-78. But the presence of the APA claim does not make the instant case and *Talbott* unrelated. The M&RA Action at issue in the APA claim is an application of the Hegseth Policy, which, in turn, requires the Court to consider the facts and circumstances surrounding the application of that policy to LtCol Trainor. The Court likewise will be considering the facts and circumstances surrounding the application of the Hegseth Policy to the *Talbott* plaintiffs. It would "'waste judicial resources … to have another court address the [] same issues.'" *Singh*, 187 F. Supp. 3d at 157 (quoting *Assiniboine & Sioux Tribe v. Norton*, 211 F. Supp. 2d 157, 159 (D.D.C. 2002)). *See also Autumn Journey*, 753 F. Supp. 2d at 140 ("judicial economy would be served by having these matters resolved by the same judge").

Defendants' counsel essentially conceded that the two cases are related when he sought a stay of the instant case pending the outcome of *Talbott* to avoid what was described as "overlapping" litigation. Ex. 1 hereto. If the cases are not related, then they cannot overlap and there would have been no reason for seeking a stay. The fact that the APA claim in the instant

case does not overlap with *Talbott* in a manner that would warrant a stay of the APA claim does not mean that this case and *Talbott* are not otherwise related pursuant to LCivR 40.5(a)(3)(ii)-(iii). This flip-flopping in Defendants' position tends to confirm that the related case issue is a delaying tactic.

Finally, the implication that LtCol Trainor will not suffer any irreparable harm until November 1, 2026 is not accurate. The process of separation is already underway with LtCol Trainor having received an End of Active Service designation of October 31. Furthermore, while additional irreparable consequences will ensue on November 1 without an injunction, LtCol Trainor already is experiencing irreparable injury due to the fact that the M&RA Action removed her from active duty and placed her in administrative absence, leading, in turn, to a designation that she is non-deployable when the evidence is clear that she is fit and combat ready as a Marine with her most recent fitness report recommending "[p]romote now and slate for command at first opportunity." Trainor Decl. ¶¶ 44, 47; Dkt. 2-7 at pdf p. 47. The demeaning administrative absence status has prevented her from serving her country as a Marine Corps officer – the endeavor she has devoted her life to. This Court and the D.C. Circuit have already ruled that such an ongoing injury is irreparable. *Talbott v. United States*, 775 F. Supp. 3d 283, 332 (D.D.C. 2025), *aff'd in part, reversed in part*, 176 F.4th 720, 747-48 (D.C. Cir. 2026). That ongoing injury requires prompt judicial action.

Defendants' motion should be denied.

Dated this 7th day of September, 2026.

Respectfully Submitted,

*/s/ John M. Simpson*

John M. Simpson (D.C. Bar No. 256412)
Drew T. Dorner (D.C. Bar No. 1035125)
Duane Morris LLP
901 New York Avenue NW, Suite 700 East
Washington, D.C. 20001-4795
Telephone: +1 202 776 7800
Fax: +1 202 776 7801
E-mail: jmsimpson@duanemorris.com

*Counsel for Plaintiff LtCol Avery A. Trainor*