IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AVERY A. TRAINOR**,<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA**, *et al.*,<br><br>Defendants. | Civil Action No. 26-cv-3029-ACR |

## PLAINTIFF'S NOTICE OF ERRATA

Plaintiff hereby files its Notice of Errata to correct typographical errors in the references to MARADMIN 539/26 on pages 3 and 4 of Plaintiff's Motion Requesting Ruling by December 1, 2026 on Motion for Preliminary Injunction and Points and Authorities in Support. A corrected version of that filing is attached.

Dated this 9th day of November, 2026.

Respectfully Submitted,

*/s/ John M. Simpson*

John M. Simpson (D.C. Bar No. 256412)
1629 K Street, NW, Suite 300
Washington, D.C. 20006-1631
Telephone: +1 202 355-6419
Fax: +1 202 403-2285
E-mail: jmsimpson@litigationwarriors.com

Peter E. Perkowski (D.C. Bar No. 1013980)
PERKOWSKI LEGAL, PC
515 S. Flower St., Ste. 1800
Los Angeles, CA 90071
Telephone: +1 213 340-5796
E-mail: peter@perkowskilegal.com

*Counsel for Plaintiff LtCol Avery A. Trainor*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AVERY A. TRAINOR**,<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA**, *et al.*,<br><br>Defendants. | Civil Action No. 26-cv-3029-ACR |

**PLAINTIFF'S MOTION REQUESTING RULING BY *DECEMBER 1, 2026* ON MOTION FOR PRELIMINARY INJUNCTION AND POINTS AND AUTHORITIES IN SUPPORT [CORRECTED]**

Plaintiff, Lieutenant Colonel Avery A. Trainor, USMC ("LtCol Trainor"), hereby respectfully requests that the Court proceed to rule on Plaintiff's Motion for a Preliminary Injunction (Aug. 31, 2026), Dkt. 2. Plaintiff requests that the ruling issue prior to December 1, 2026, which is the date on which Defendants are forcing LtCol Trainor to retire.

Following the September 22, 2026 hearing on the Motion, and as suggested by the Court, the parties engaged in efforts to resolve the issues presented by the Motion. The discussions expanded to include a potential resolution of LtCol Trainor's lawsuit in its entirety. Given the November 1, 2026 retirement date that was the original focus of LtCol Trainor's Motion for a Preliminary Injunction, Defendants agreed to maintain LtCol Trainor's administrative retirement process in abeyance through December 1, 2026. Joint Status Report (Oct. 21, 2026), Dkt. 26 at 1. Defendants also represented that they would convey their next counteroffer to Plaintiff's settlement proposal by October 30, 2026. *Id.* Defendants did not do so. When Defendants did respond – on November 4, 5 days after the agreed deadline – they conveyed a proposal that made

it clear to LtCol Trainor that this case cannot be resolved on a global basis in a manner that is acceptable to LtCol Trainor. LtCol Trainor responded to that proposal with a counteroffer of her own on November 4, but that offer was rejected by Defendants on November 6. Defendants merely stood on their unacceptable November 4 offer. LtCol Trainor therefore does not believe that continued settlement discussions with Defendants will be productive. LtCol Trainor would be willing to participate in a one-day settlement conference conducted by a magistrate judge if such a conference could be convened and completed prior to December 1 and in enough time for the Court to address the Motion for a Preliminary Injunction. Otherwise, LtCol Trainor believes the Court should proceed to rule on LtCol Trainor's Motion for a Preliminary Injunction. Moreover, additional events since the preliminary injunction hearing further underscore the need for injunctive relief.

On October 30, 2026, the Marine Corps modified MARADMIN 189/26 (Apr. 23, 2026), Dkt. 2-16. *See* MARADMIN 539/26 (Oct. 30, 2026), attached hereto as Exhibit A. MARADMIN 189/26 is the primary Marine Corps directive governing the involuntary separation of transgender Marines under the Hegseth Policy and was cited as authority in the May 29, 2026 M&RA Action that accelerated LtCol Trainor's retirement date and in the September 21, 2026 M&RA Action that adhered to the November 1, 2026 accelerated retirement date. Dkt. 2-21 at 2; Dkt. 20-1 at 2. Pursuant to MARADMIN 539/26, whether or not a transgender Marine's involuntary separation proceeding has concluded, that Marine will be separated on their original end of active service date; no extensions of the end of active service date are allowed. Ex. A hereto, ¶¶ 3.a-3.b. In other words, even though MARADMIN 189/26 purports to provide a semblance of due process by providing transgender enlisted Marines with an administrative board hearing and transgender Marine officers with a Board of Inquiry before separation, these Marines will be involuntary

separated from service on their scheduled end-of-active service dates without waiting for the outcome of any of these boards. As far as we are aware, this action applies exclusively to transgender Marines and to no other classification of Marines being separated from the Marine Corps. MARADMIN 539/26 confirms that the purported due process provided for transgender Marines is illusory and further underscores the discriminatory nature of the actions that are being taken generally against transgender Marines. In its haste to rid the Marine Corps of transgender people, the government cannot even await the outcome of its own procedures.[1]

MARADMIN 539/26 further demonstrates that the acceleration of LtCol Trainor's retirement date had no legitimate military purpose, arose in an environment defined by hostile actions against transgender service members and was motivated by the fact that she is a transgender woman. Any doubt on that issue was dispelled by Defendant Hegseth in his October 1, 2026 "State of the Force Address" in which he proclaimed that "[w]e are no longer the woke department or the weak department. Simple translation of that, no fatties, no trannies, no beardos, no weirdos, no wimps, no radicals, just warriors, just tough, ready, committed troops."[2] Of course, one of those "trannies" is LtCol Trainor who was described by a Marine Corps superior reviewer in her most

[1] MARADMIN 539/26 seems to be motivated by the fact that, despite the kangaroo court manner in which these boards were constructed, the boards are not separating transgender Marines in the manner that the government contemplated. The scope of these boards is limited by MARADMIN 189/26 to determining whether a Marine ever had a history of, diagnosis of or exhibited symptoms consistent with, gender dysphoria. If that fact is established, then the Marine must be separated regardless of whether gender dysphoria actually affected the Marine's military performance and regardless of how exemplary that Marine's service record may have been. Dkt. 2-16, ¶ 5.f.1. However, some of these boards are ruling to retain transgender Marines despite this mandate. *See* "Hegseth Barred Trans Troops. Military Boards Are Rejecting Those Orders," New York Times (Oct. 23, 2026), Exhibit B hereto.

[2] "State of the Force Address" at 04:51 (Oct. 1, 2026), available at https://www.rev.com/transcripts/state-of-the-force-address.

recent fitness report as the "epitome of a Marine Officer." Dkt. 2-7 at 47. Notwithstanding Hegseth's group disparagement of transgender service members, LtCol Trainor – is, in Hegseth's own words, a "warrior" who is "tough, ready" and "committed" because her 28-plus-year record of Marine Corps service and, in particular, her fitness reports before and after the transition to her identified gender, demonstrate those very facts. *See id*. (*passim*). Defendants have never contested that.

Given the irreparable harm inflicted by the Hegseth Policy's violation of LtCol Trainor's right to equal protection of the law, MARADMIN 539/26 and Defendant Hegseth's recent doubling down on the anti-transgender animus of the Hegseth Policy add further urgency to LtCol Trainor's Motion for a Preliminary Injunction. No amount of money can substitute for the loss of LtCol Trainor's current opportunity to continue serving her country as the "tough, ready" and "committed" "warrior" that she is. As the D.C. Circuit aptly summarized it when the first Trump administration ban on transgender military service was preliminarily enjoined:

> [I]t must be remembered that all Plaintiffs seek during this litigation is to serve their Nation with honor and dignity, volunteering to face extreme hardships, to endure lengthy deployments and separation from family and friends, and to willingly make the ultimate sacrifice of their lives if necessary to protect the Nation, the people of the United States, and the Constitution against all who would attack them.

*Doe 1 v. Trump*, 2017 WL 6553389, *3 (D.C. Cir. Dec. 22, 2017). That summary applies equally to LtCol Trainor and to the preliminary injunctive relief she seeks from this Court.

As directed previously by the Court, the supplemental briefing addressing "the impact of *Talbott v. United States*, 176 F.4th 720 (D.C. Cir. 2026), on the irreparable harm analysis in this case," Minute Order (Sep. 25, 2026), has been submitted by both parties. Dkt. 24 & 25. LtCol Trainor's Motion for Preliminary Injunction is now ready for resolution. Therefore, LtCol Trainor respectfully requests that the Court proceed to rule on and grant Plaintiff's Motion for Preliminary

Injunction prior to the December 1, 2026 coerced retirement date that LtCol Trainor's Motion seeks to enjoin and/or stay.

Dated this 9th day of November, 2026.

Respectfully Submitted,

*/s/ John M. Simpson*

John M. Simpson (D.C. Bar No. 256412)
1629 K Street, NW, Suite 300
Washington, D.C. 20006-1631
Telephone: +1 202 355-6419
Fax: +1 202 403-2285
E-mail: jmsimpson@litigationwarriors.com

Peter E. Perkowski (D.C. Bar No. 1013980)
PERKOWSKI LEGAL, PC
515 S. Flower St., Ste. 1800
Los Angeles, CA 90071
Telephone: +1 213 340-5796
E-mail: peter@perkowskilegal.com

*Counsel for Plaintiff LtCol Avery A. Trainor*