UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AVERY A. TRAINOR,

*Plaintiff*,

v.

UNITED STATES OF AMERICA*, et al.*,

*Defendants*.

Civil Action No. 26-3029 (ACR)

**DEFENDANTS' RESPONSE TO MINUTE ORDER TO SHOW CAUSE REGARDING MEDIATION**

Defendants, by and through undersigned counsel, respectfully submit this Response to the Court's November 9, 2026 Minute Order directing the Government to show cause whether it agrees to mediation in front of a Magistrate Judge.

**Defendants Agree to Mediation Before a Magistrate Judge**

Defendants confirm that they agree to referral of this matter to a Magistrate Judge for mediation. Defendants are amenable to conferring promptly with Plaintiff to schedule a mediation session with all appropriate haste. Undersigned counsel notes that he has an upcoming oral argument before the U.S. Court of Appeals for the D.C. Circuit this Friday, November 13, 2026.

**Response to Plaintiff's Motion for Order**

Regarding Plaintiff's Motion for Order (ECF No. 27), Defendants briefly note the following:

1. Plaintiff Failed to Confer Under Local Civil Rule 7(m)

Plaintiff filed the underlying Motion Requesting Ruling (ECF No. 27) unilaterally and without conferring with Defendants to determine if the relief sought was opposed or to narrow

areas of disagreement, in contravention of Local Civil Rule 7(m). Had Plaintiff conferred prior to filing, Defendants would have readily communicated their willingness to participate in mediation before a Magistrate Judge, rendering Plaintiff's motion and the resulting Order to Show Cause entirely unnecessary, and conserving party and judicial resources. Plaintiff's omission of a Rule 7(m) statement remains an independent ground to deny the procedural relief requested.

2. <u>Clarification of Settlement Posture</u>

Under Federal Rule of Evidence 408, Defendants will not disclose the specific figures or terms exchanged during confidential negotiations. However, Plaintiff has unilaterally placed those discussions at issue on the public docket (ECF No. 27 at 1–2, 4), including characterizing Defendants' November 4 offer as "unacceptable." Defendants state that their offers were reasonable and actuarially grounded, and Defendants do not believe that they are responsible for negotiations reaching an impasse well before the Court's November 18 deadline.

3. <u>Plaintiff's Improper Attempt to Supplement the Preliminary Injunction Record</u>

Defendants object to Plaintiff's improper attempt to use an administrative scheduling motion to introduce unbriefed, extra-record materials—including a newly issued administrative directive (MARADMIN 539/26) and internet transcripts of public remarks by executive officials—without seeking formal leave of Court to supplement the record. ECF No. 27, Exs. A and B, and n.2. If Plaintiff wished to supplement the evidentiary record on the preliminary injunction motion, the proper vehicle was a formal motion for leave to supplement. The Court should decline to consider these extra-record assertions in resolving the preliminary injunction motion.

**Conclusion**

For the foregoing reasons, Defendants consent to referral of this matter to a Magistrate Judge for mediation, and respectfully request that the Court direct the parties to confer regarding

scheduling and decline to consider the extra-record materials attached to Plaintiff's motion (ECF No. 27).

Dated: November 10, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Samuel G. Settle*
SAMUEL G. SETTLE
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7705
samuel.settle@usdoj.gov